UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

----------------------------------------------------------X
DR. FRANCESCO POMPEI,           )
      Plaintiff,                              )    Civil Action No. 24-10825
                                                    )
v.                                                  )
                                                    )    COMPLAINT
                                                    )
DIABETES AMPUTATION PREVENTION     )
SPECIALISTS, LLC, d/b/a DAPS Health, and  )
JEFFREY TREDWELL,                          )
      Defendants.                           )
                                                    )
----------------------------------------------------------X

1.      The plaintiff, Dr. Francesco Pompei ("Dr. Pompei"), for his complaint against the defendants, Diabetes Amputation Prevention Specialists, LLC, d/b/a DAPS Health ("DAPS Health") and Dr. Jeffrey Tredwell ("Dr. Tredwell") and states that:

NATURE OF THE ACTION

2.      In this action, the plaintiff Dr. Pompei seeks to recover damages for the defendants' breach of contract; restitution for the defendants' unjust enrichment; and damages for the defendants' unfair and deceptive acts or practices under M.G.L. ch. 93A, §1, *et seq.*.

JURISDICTION AND VENUE

3.      A controversy exists that exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4.      This Court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1332 and principles of supplemental and ancillary jurisdiction. The Court also has supplemental jurisdiction over related claims arising under Massachusetts law.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to the claim occurred here.

6. This Court has personal jurisdiction over the defendants because the defendants have had regular and consistent contacts with the Commonwealth of Massachusetts sufficient to confer personal jurisdiction.

## THE PARTIES

7. The plaintiff, Dr. Francesco Pompei ("Dr. Pompei" or "plaintiff"), is an individual residing at 240 Devonshire Street, Boston, Massachusetts 02110.

8. The defendant, Dr. Jeffrey Tredwell ("Dr. Tredwell"), is an individual located, on information and belief, at Jeff Tredwell, 11717 Le Havre Dr., Potomac, Maryland 20854.

9. The defendant, Diabetes Amputation Prevention Specialists, LLC, is a Delaware Limited Liability Company with a place of business at 251 Little Falls Drive, Wilmington, Delaware 19808.

10. On information and belief, DAPS Health ("DAPS Health") is a d/b/a of the defendant Dr. Tredwell, the defendant Diabetes Amputation Prevention Specialists, LLC, or both.

## FACTUAL BACKGROUND

11. Dr. Pompei is the founder and CEO of Exergen Corporation ("Exergen"), a world leader in the design, manufacture, and sale of non-invasive medical and industrial tools. Since the early 1980s, Dr. Pompei and Exergen have been innovators in creating temperature assessing devices, including but not limited to infrared foot scanners, ear thermometers, veterinary thermometers, and temporal artery thermometers. Dr. Pompei is a named inventor on over 100 patents owned by Exergen. As a result of their innovation and reputation for high quality products, Exergen products can be found in over 16 million homes worldwide and over half of all hospitals in the United States.

12.     Dr. Tredwell is the founder of DAPS Health, a clinical and technology healthcare group that focuses on the complications of diabetes lower extremity disease.  In 2021, Dr. Pompei and Dr. Tredwell began discussions related to a possible collaboration between Exergen and DAPS Health where Exergen would provide infrared scanners for patient self-monitoring and DAPS Health would provide a mobile application and data analysis services.  DAPS Health heavily promotes its alleged collaboration with Exergen and Dr. Pompei on its website.



https://dapshealth.com/








https://dapshealth.com/homepage/technology/

13. From 2021 until the summer of 2023, Exergen and DAPS Health continued to discuss and investigate potential opportunities for collaboration. This included many direct conversations between Dr. Tredwell and Dr. Pompei.

14. In August 2023, Dr. Tredwell solicited $350,000 from Dr. Pompei as an alleged "investment" in DAPS Health. Dr. Tredwell and Dr. Pompei agreed that, in return for an investment of $350,000 by Dr. Pompei, he would receive an ownership interest, providing equity in DAPS Health. On August 15, 2023, in an email with "$350K DAPS equity purchase" on the subject line, Dr. Pompei informed Dr. Tredwell that he would "make the 350K investment in DAPS with a chek [sic] mailed this afternoon." On August 16, 2023, Dr. Pompei sent a follow up email to Dr. Tredwell with the same subject "$350K DAPS equity purchase" that stated, "Per

our discussion, attached is a copy of the $350 DAPS investment check." Copies of the August 15, 2023, and August 16, 2023, emails are attached hereto and made a part hereof as Exhibit A.

15. In reliance on his discussions with Dr. Tredwell and concurrent emails, on August 15, 2023, Dr. Pompei wrote a check for $350,000 to "Jeffrey Tredwell." The memo that appears on the face of the check identified it as "DAPS Investment." On August 22, 2023, the check was endorsed by Dr. Tredwell with the language "Pay to The order of DAPS Health." On information and belief, Dr. Tredwell and/or DAPS Health received the $350,000 and deposited Dr. Pompei's check. A copy of the check, redacted for personal information, is included as Exhibit B hereto.

16. The $350,000 alleged "investment" was provided by Dr. Pompei to Dr. Tredwell as intended consideration for the receipt of equity in the form of ownership of shares in DAPS Health. In the August 15, 2023, email, Dr. Pompei wrote "I need something from you or attorney that spells out the ownership share we are buying," and in the August 16, 2023, email, Dr. Pompei wrote "For example, as I understood, our $350K is worth 5-10%."

17. Dr. Pompei repeatedly requested proof of his expected equity and ownership of shares in DAPS Health from Dr. Tredwell. In the August 15, 2023, email, Dr. Pompei wrote, "I need something from you or attorney that spells out the ownership share we are buying," and in the August 16, 2023, email Dr. Pompei wrote, "Also per our discussions, we need a formal document from you or your attorney that accepts my personal check in return for XX% ownership and what % further cash investments by Exergen will earn by further cash investments in DAPS."

18. Despite these requests, Dr. Tredwell and DAPS Health did not provide to Dr. Pompei any proof of equity or ownership of shares in DAPS Health by Dr. Pompei. Furthermore, Dr. Tredwell and/or DAPS Health have never informed Dr. Pompei of his minority

rights in DAPS Health or permitted him to exercise those rights.  Despite Dr. Pompei's purported status as a minority shareholder, Dr. Tredwell and/or DAPS Health have never provided, or offered to provide, any material information regarding the management, financial, and other key business information of DAPS Health to Dr. Pompei.

19. Instead of fulfilling their side of the agreed upon bargain and providing Dr. Pompei his ownership, equity, or proof of ownership and equity in DAPS Health, Dr. Tredwell instead began to solicit further "investments" from Dr. Pompei.  Dr. Tredwell also began to request the social security numbers of Dr. Pompei and his wife Dr. Marybeth Pompei.

20. To date, Dr. Tredwell and DAPS Health have failed to provide any of the agreed upon consideration promised by Dr. Tredwell to Dr. Pompei during their discussions of August 2023, and on which Dr. Pompei relied and expected when sending $350,000 to Dr. Tredwell as an investment in DAPS Health.

## COUNT I (Breach of Contract)

21. Dr. Pompei repeats and realleges paragraphs 1 through 20 of this complaint as if they were fully set forth.

22. Dr. Pompei and Dr. Tredwell's discussions during August 2023, memorialized in the emails included as Exhibit A, establish the existence of a valid and binding contract between Dr. Pompei, Dr. Tredwell, and DAPS Health.

23. The contract's terms included a purchase of equity in the form of ownership of shares in DAPS Health by Dr. Pompei in consideration for his investment of $350,000.

24. Dr. Pompei fulfilled his obligations under the contract by paying Dr. Tredwell and DAPS Health $350,000.

25. Despite receiving Dr. Pompei's payment, Dr. Tredwell and DAPS Health breached their obligations under the contract by failing to provide the promised equity in the form of ownership of shares in DAPS Health to Dr. Pompei.

26. Dr. Pompei has been damaged by Dr. Tredwell and DAPS Health's breach.

## COUNT II (Unjust Enrichment)

27. Dr. Pompei repeats and realleges paragraphs 1 through 26 of this complaint as if they were fully set forth.

28. Dr. Pompei alleges, in the alterative to his breach of contract claim, that he is entitled to recover under the doctrine of unjust enrichment if it is determined that either a valid and enforceable contract does not exist, the existing contract does not cover the subject matter of the dispute between Dr. Pompei with Dr. Tredwell and DAPS Health, or the existing contract is somehow void, invalid, or unenforceable.

29. On August 15, 2023, at his own expense, Dr. Pompei provided to Dr. Tredwell, and DAPS Health $350,000 in the form of the check attached hereto as Exhibit B.  On August 22, 2023, Dr. Tredwell and DAPS Health deposited Dr. Pompei's check and received the $350,000.

30. Dr. Tredwell, and DAPS Health were enriched by the provided $350,000 and were aware that Dr. Pompei was not providing the $350,000 gratuitously and that it had monetary value.

31. Dr. Pompei was induced by Dr. Tredwell and DAPS Health to provide them with $350,000 and relied on unfulfilled promises and/or guarantees made by Dr. Tredwell and DAPS Health.

32. It would be inequitable to allow Dr. Tredwell and DAPS Health to retain the benefits of the provided $350,000 without payment for or restitution of its value.

33. Dr. Pompei has been damaged by Dr. Tredwell and DAPS Health's inequitable retention of the provided $350,000.

### COUNT III (Massachusetts General Laws ch. 93A)

34. Dr. Pompei repeats and realleges paragraphs 1 through 33 of this complaint as if they were fully set forth.

35. The conduct of the defendants constitutes unfair methods of competition or unfair or deceptive acts and practices in the conduct of a trade or business in violation of Massachusetts General Laws ch. 93A, §2, and regulations promulgated thereunder.

36. The conduct of the defendants was and is willful or knowing and in violation of Massachusetts General Laws ch. 93A, §2, and the regulations promulgated thereunder.

37. As a direct and proximate result of the conduct of the defendants in violation of M.G.L. ch. 93A, §2, their unfair and deceptive acts and practices, and their willful or knowing violations of M.G.L. ch. 93A, §2, and the regulations promulgated thereunder, Dr. Pompei has been and is being severely damaged.

38. The defendants' conduct has been primarily and substantially in the Commonwealth of Massachusetts, pursuant to ch. 93A §2, and has harmed Dr. Pompei in the Commonwealth of Massachusetts.

WHEREFORE, the plaintiff, Dr. Pompei, demands judgment:

A. Determining and awarding Dr. Pompei its damages resulting from the defendants' breach of contract, as alleged in Count I of the complaint, plus interest, costs, and attorneys' fees;

B.  Determining and awarding Dr. Pompei restitution for the defendants' unjust enrichment, as alleged in Count II of the complaint, plus interest, costs, and attorneys' fees;

C.  Entering judgment that the defendants have committed unfair and deceptive acts or practices declared unlawful under Massachusetts General Laws ch. 93A as alleged in Count III;

D.  Determining and awarding Dr. Pompei damages resulting from the defendants' violation of Massachusetts General Laws ch. 93A, as alleged in Count III of the complaint, plus interest, costs, and attorneys' fees;

E.  Determining that the defendants violated Massachusetts General Laws ch. 93A, §2, as alleged in Count III, that the damages be trebled pursuant to Massachusetts General Laws ch. 93A, §11, and that Dr. Pompei be awarded attorneys' fees in connection with this action; and

F.  Granting such other and further relief as this Court may deem just and proper.

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

    Dr. Francesco Pompei

    By his attorneys,

    /s/ Susan G. L. Glovsky
    Susan G. L. Glovsky BBO# 195880
    susan.glovsky@hbsr.com
    Samuel J. Sussman BBO# 696909
    samuel.sussman@hbsr.com
    Hamilton, Brook, Smith & Reynolds, P.C.
    155 Seaport Blvd.
    Boston, Massachusetts 02210
    Telephone: 617-607-5900
    Fax: 978-341-0136

Dated: March 29, 2024